**SIGNED this 18th day of November, 2016**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

In re:
John Milton Arledge

    Debtor;

No. 4:15-bk-14347-SDR
Chapter 7

Trudy M. Edwards, Trustee,
    Plaintiff,

v.

John Milton Arledge, Robert R. Hattaway, et al.
    Defendants.

Adversary Proceeding
No. 4:16-ap-01021-SDR

**MEMORANDUM**

Plaintiff, Trudy Edwards, Trustee of the John Milton Arledge Chapter 7 Bankruptcy Estate ("Chapter 7 Trustee"), has filed this motion for summary judgment against Robert Hattaway, individually, in this adversary proceeding. She seeks a judgment declaring that transfers from John M. Arledge to Mr. Hattaway are null and void as fraudulent transfers, and

1

that those assets be placed back in the Chapter 7 Bankruptcy Estate of John M. Arledge. Robert Hattaway has answered the complaint but has failed to respond to the motion for summary judgment filed against him. Based on the following analysis, the court finds that John Arledge had intent to hinder his creditors when he transferred his assets into The Hattaway Trust; and, therefore, those transfers were fraudulent under Tennessee law. Accordingly, the motion for summary judgment to void any interest transferred to Mr. Robert Hattaway as a result of the transfer to the Trust will be granted as to those assets.

## I.    Jurisdiction

28 U.S.C. §§ 157 and 1334, as well as the general order of reference entered in this district, provide this court with jurisdiction to hear and decide this adversary proceeding. Plaintiff's action relates to the turning over of property of the estate and determining, avoiding, or recovering fraudulent transfers and is a core proceeding. *See* 28 U.S.C. §§ 157(b)(2)(E) & (H).

## II.    Statement of Facts

Federal Rule of Civil Procedure 8(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7008, states that an allegation is deemed admitted if the defendant fails to respond to a pleading that requires a response. E.D. Tenn. LBR 7056-1(b) states that should the nonmoving party fail to respond to a motion for summary judgment, then "the material facts set forth in the movant's statement will be deemed admitted." Robert Hattaway has failed to respond to the motion for summary judgment filed against him. Therefore, the facts contained in the motion for summary judgment are deemed admitted. Those facts follow.

John Milton Arledge filed a chapter 12 bankruptcy on October 3, 2015 and converted that case to one under chapter 7 on May 12, 2016. (Doc. no. 23, Statement of Undisputed Facts ("Undisputed Facts") 1.) Trudy M. Edwards was appointed chapter 7 trustee.

Mr. Arledge was the trustee of the Robert R. Hattaway Living Trust ("The Hattaway Trust"). (Undisputed Facts 1.) The Statement of Undisputed Facts does not specifically state the relationship between Mr. Hattaway and the Trust, but The Hattaway Trust was previously a debtor in this court. As noted above Mr. Arledge was a trustee of this trust, and based on the trust document presented in the bankruptcy of The Hattaway Trust, Mr. Hattaway was the named beneficiary. On February 2, 2012, Mr. Arledge, acting on his own behalf and as Executor under the will of Fred Arledge, transferred real property totaling 274.5[1] acres to The Hattaway Trust. (Undisputed Facts 1-2.) Mr. Arledge received no consideration for this transfer despite the real property having a market value of $900,000. (Undisputed Facts 3.) On May 15, 2012, Mr. Arledge transferred an additional 13[2] acres to The Hattaway Trust. (Undisputed Facts 2.) These conveyances of real property are referred to as the "Real Property Transfers."

Around this same time, Mr. Arledge transferred, without consideration, to The Hattaway Trust numerous tractors and other farm equipment which are identified in Exhibit 5 attached to the complaint. (Undisputed Facts 2.) These conveyances of personal property are referred to as the "Equipment Transfers."[3] At the time of these Transfers, Mr. Arledge was aware of a pending lawsuit against him filed by Farm Credit Services of Mid-America, PCA. (Undisputed Facts 2.)

---

[1] This transfer consisted of two pieces of property. The first was 15.5 acres, more or less, located at 7629 Jacksboro Road, McMinnville, TN recorded in Record Book 292, page 266, in the Register's Office of Warren County, TN. Second was 259 acres, more or less, located at 2675 Petigap Road, McMinnville, TN recorded in Record Book 292, page 269, in the Register's Office of Warren County, TN.

[2] This property was located on Petigap Road, McMinnville, TN and transferred pursuant to a Deed recorded in Record Book 298, page 681, in the Register's Office of Warren County, TN.

[3] The Real Property Transfers and the Equipment Transfers are collectively referred to as the "Transfers."

3

On June 7, 2013, The Hattaway Trust pledged the 287.5 acres to Citizens Tri County Bank for a loan of $875,000.  The Hattaway Trust used the loan proceeds to purchase an additional 131.4 acres in Warren County, Tennessee (hereafter the "purchased property").  (Undisputed Facts 3.)  The Chapter 7 Trustee has also alleged that Mr. Hattaway's chapter 12 trustee is holding funds from farming operations conducted by Mr. Hattaway that were made possible by these transfers; although, there is no undisputed fact listed that Mr. Hattaway farmed the acreage that Mr. Arledge transferred to the trust and that the proceeds are traceable to the transferred property.

### III. Standard of Review

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056.  The burden is on the moving party to show conclusively that no genuine issue of material fact exists, and the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Kava v. Peters*, No. 09-2327, 2011 WL 6091350, at *3 (6th Cir. Dec. 7, 2011).

Once the moving party presents evidence sufficient to support a motion under Fed. R. Civ. P. 56, the nonmoving party is not entitled to a trial merely on the basis of allegations.  The nonmoving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986); *60 Ivy Street*, 822 F.2d at 1435.  The moving

4

party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential element of the nonmoving party's case with respect to which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g) made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056.

### IV. Analysis

As Defendant Robert Hattaway has not responded to the motion for summary judgment against him, all facts alleged within the motion by the Chapter 7 Trustee are deemed admitted. E.D. Tenn. LBR 7056-1(b). If those allegations entitle her to the relief sought, summary judgment will be granted.

Pursuant to 11 U.S.C. §544(b), Plaintiff as Chapter 7 Trustee "may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law." Tennessee law allows for the avoidance of fraudulent transfers. T.C.A. § 66-3-308(a). Tennessee Code Annotated §66-3-310 provides that a fraudulent transfer may be avoided for up to four years after it occurs. Tennessee Code Annotated §66-3-305(a) defines a fraudulent transfer as one that occurs when the debtor makes the transfer:

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor; or

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

> (A) Was engaged or was about to engage in a business . . . for which the remaining assets of the debtor were unreasonably small in relation to the business . . . or

5

> (B) Intended to incur . . . debts beyond the debtor's ability to pay as they became due.

In 2012, Mr. Arledge owned 287.5 acres and substantial farm equipment. He transferred all of this to The Hattaway Trust in 2012. (Undisputed Facts 1-2.) There are no allegations that any property was transferred to Mr. Hattaway directly, so it would appear that his only interest in the transferred property is as the beneficiary of The Hattaway Trust. Mr. Arledge filed for bankruptcy in October 2015. (Undisputed Facts 1.) Therefore, the four year period had not run since the Transfers and the four year requirement of §66-3-310 is satisfied. Despite needing to only satisfy one of the sections for the Transfers to have been fraudulent, the Chapter 7 Trustee alleges that the undisputed facts satisfy both §66-3-305(a)(1) and (2).

Tennessee Code Annotated §66-3-305(a)(1) states that a transfer is fraudulent when it is made "with actual intent to hinder, delay, or defraud any creditor." Section 66-3-305(b) lists factors that the court may consider to determine if such an intent exists. These include: whether the debtor retained possession or control of the property transferred; before the transfer was made, the debtor had been sued or threatened with suit; and whether the debtor received reasonably equivalent value for his assets.

The undisputed facts support the conclusion that Mr. Arledge had actual intent to hinder his creditors. First, Mr. Arledge transferred his assets into a trust for which he was the trustee and his close friend was the beneficiary. (*See* Undisputed Facts 1.) He continued to have a life estate in the real property. (Doc. no. 9, Schedule A.) Second, at the time of the Transfers, Mr. Arledge was aware of a pending suit by one of his creditors. (Undisputed Facts 3.) Third, Mr. Arledge received no consideration for the Transfers, which included real property valued at $900,000 plus numerous tractors and other farm equipment. (Undisputed Facts 2-3.) Given that

6

Mr. Arledge knew of the pending suit and transferred his assets to an entity that allowed him continued access and use, the court finds that Mr. Arledge had the intent to hinder his creditors.

Because the court finds the Real Property Transfers and the Equipment Transfers were made with the intent to hinder or delay his creditors, the court need not address the adequacy of the Trustee's allegations regarding Mr. Arledge's financial condition after he made the Transfers.

Because Mr. Arledge made the Real Property Transfers and the Equipment Transfers with the intent to hinder or delay his creditors, the Real Property Transfers and the Equipment Transfers are fraudulent under §66-3-305(a)(1) and the Chapter 7 Trustee may avoid them.

The Chapter 7 Trustee has also requested in her motion the recovery of the purchased property; however, her complaint as drafted does not provide a sufficient legal or factual basis for that recovery. Therefore, at this time, the court will deny with prejudice the motion for summary judgment as to the purchased property but will provide the Trustee with an opportunity to amend and seek further relief pursuant to 11 U.S.C. §§ 544 and 550 and T.C.A. § 66-3-308(a) or (b) to recover the purchased property which is titled in the name of The Hattaway Trust and the farming income held by Mr. Gregory as the chapter 7 trustee for Mr. Hattaway and successor in interest to Kara West, the chapter 12 trustee.

## V.    Conclusion

Since Robert Hattaway failed to respond to the motion for summary judgment, the undisputed facts used to support the motion are deemed admitted against him. Those facts establish that John Arledge had intent to delay his creditors when he transferred his assets into The Hattaway Trust. Therefore the Transfers were fraudulent under Tennessee Code Annotated §66-3-305(a)(1) and the Chapter 7 Trustee may avoid them. The property which was the subject of the Transfers will be returned to the Arledge chapter 7 estate. However, the motion for

summary judgment is denied without prejudice as to the purchased property because the Chapter 7 Trustee has not alleged any post-petition interest acquired by Mr. Hattaway, individually, in the purchased property. The court also denies without prejudice the relief requested as to the farming proceeds because the Chapter 7 Trustee has not alleged that Mr. Hattaway acquired any post-petition interest in the farming proceeds. To the extent that he had any interest in either the purchased property or the farming proceeds before he filed his own bankruptcy case pending in this court, those interests are part of his bankruptcy estate held by his chapter 7 trustee, Mr. Gregory, against whom the Chapter 7 Trustee still has claims pending in this adversary proceeding.

      A separate order will enter.

# # #