

**SIGNED this 18th day of November, 2016**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

In re:

John Milton Arledge                                             No. 4:15-bk-14347-SDR
                                                                Chapter 7
    Debtor;

Trudy M. Edwards, Trustee,
    Plaintiff,

v.                                                              Adversary Proceeding
                                                                No. 4:16-ap-01021-SDR

John Milton Arledge, Robert R. Hattaway, The
Robert R. Hattaway Living Trust, Terry D. Gregory,
    Defendants.

**MEMORANDUM REGARDING MOTION FOR DEFAULT JUDGMENT AGAINT THE
ROBERT R. HATTAWAY LIVING TRUST**

    Plaintiff, Trudy Edwards, Trustee of the John Milton Arledge Chapter 7 Bankruptcy

Estate ("Chapter 7 Trustee"), has filed this adversary proceeding seeking a judgment declaring

transfers from John M. Arledge to Defendants null and void as fraudulent transfers, and that

1

those assets be placed back in the Chapter 7 Bankruptcy Estate of John M. Arledge. Defendant The Robert R. Hattaway Living Trust ("The Hattaway Trust") has failed to answer the complaint. Plaintiff has moved for a default judgment against Defendant The Hattaway Trust. Based on the following analysis, Plaintiff is entitled to a default judgment against The Hattaway Trust.

## I.    Jurisdiction

28 U.S.C. §§ 157 and 1334, as well as the general order of reference entered in this district, provide this court with jurisdiction to hear and decide this adversary proceeding. The Plaintiff's action relates to the turning over of property of the estate and determining, avoiding, or recovering fraudulent transfers and is a core proceeding. *See* 28 U.S.C. §§ 157(b)(2)(E) & (H).

## II.    Statement of Facts

Federal Rule of Civil Procedure 8(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7008, states that an allegation is deemed admitted if the Defendant fails to respond to a pleading that requires a response. The Hattaway Trust has not responded to any pleading in this case. Therefore, all allegations made by the Chapter 7 Trustee in her complaint are deemed admitted as to The Hattaway Trust.

The Plaintiff has alleged the following facts. John Milton Arledge filed a Chapter 12 bankruptcy on October 3, 2015 and converted that case to one under Chapter 7 on May 12, 2016. (Doc. no. 1, Complaint to Avoid Fraudulent Transfer ("Complaint") 1.) The plaintiff was appointed chapter 7 trustee.

On February 2, 2012, John Arledge, acting on his own behalf and as Executor under the will of Fred Arledge, transferred 274.5[1] acres to The Hattaway Trust. (Complaint 2-3.) Mr. Arledge received no consideration for this transfer despite the real property having a market value of $1,103,200. (Complaint 2-3.) On May 15, 2012, Mr. Arledge transferred an additional 13[2] acres to The Hattaway Trust. (Complaint 3.)

Around this same time, Mr. Arledge transferred without consideration to The Hattaway Trust numerous tractors and other farm equipment listed on Exhibit 5 to the complaint. (Complaint 3.)

On June 7, 2013, The Hattaway Trust incurred an indebtedness of $875,000 to Citizens Tri County Bank and secured that debt with the property transferred by Mr. Arledge evidenced by a Deed of Trust in favor of the bank dated June 7, 2013. Simultaneously, The Hattaway Trust purchased 131.04 acres located at 3133 Petigap Road, McMinnville (hereafter the "purchased property"). (Complaint 4; Doc. No. 1-6.)

The Plaintiff alleges that The Hattaway Trust's ownership of the 131.04 acre tract is a direct result of the loan proceeds and should be considered an asset of the chapter 7 estate. Finally, the Plaintiff alleges that farming income held by the Chapter 12 Trustee for Robert Hattaway was enabled by receipt of the transferred real property; however, the Plaintiff does not provide a legal theory for the avoidance of the title to 131.04 acres or allege whether the farming income was from crops raised on the transferred property. (Complaint 5.) At oral argument on this motion, the Plaintiff requested time to amend her complaint to address the 131.04 acres of purchased property and the farming proceeds.

---

[1] This transfer consisted of two pieces of property. The first was 15.5 acres, more or less, located at 7629 Jacksboro Road, McMinnville, TN. Second was 259 acres, more or less, located at 2675 Petigap Road, McMinnville, TN.

[2] This property was located on Petigap Road, McMinnville, TN and is described in Recored Book 298, page 681, Register's Office of Warren County, Tennessee.

3

### III. Standard of Review

Federal Rule of Bankruptcy Procedure (FRBP) 7055 provides that Federal Rule of Civil Procedure (FRCP) 55 controls default judgments in adversary proceedings. FRCP 55 provides that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend the matter and the failure is shown by affidavit or otherwise, the court clerk must enter a default judgment. The clerk, however, may only enter a judgment for a sum certain or calculable amount. *See* Fed. R. Civ. P. 55(b)(1). In all other cases, the party must apply to the Court, which may conduct a hearing to make an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. *See* Fed. R. Civ. P. 55(b)(2).

### IV.   Analysis

It appears that the trustee for The Hattaway Trust, Jeffrey Hughes, was properly served on July 19, 2016 at 674 McQuade Circle, McMinnville, TN 37110. (Doc. no. 15, Summons in an Adversary Proceeding 2.) The deadline for The Hattaway Trust to answer was August 18, 2016. The Hattaway Trust did not answer the complaint. Therefore, if Plaintiff's allegations entitle her to the relief sought, a default judgment will be granted.

Pursuant to 11 U.S.C. §544(b), the Chapter 7 Trustee "may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law." Tennessee law allows for the avoidance of fraudulent transfers. T.C.A. § 66-3-308(a). Tennessee Code Annotated §66-3-310 provides that a fraudulent transfer can be avoided for up to four years after the transfer occurs. Tennessee Code Annotated §66-3-305(a) defines a fraudulent transfer as one that occurs when the debtor makes the transfer:

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor; or

4

 (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

  (A) Was engaged or was about to engage in a business . . . for which the remaining assets of the debtor were unreasonably small in relation to the business . . . or

  (B) Intended to incur . . . debts beyond the debtor's ability to pay as they became due.

In this case, the transfers of Mr. Arledge's real property and farm equipment to The Hattaway Trust all occurred in 2012. (Complaint 2-3.) Mr. Arledge filed for bankruptcy in October 2015. (Complaint 1.) Therefore, the four year period had not run and §66-3-310 is satisfied. Plaintiff has alleged that the facts satisfy both §66-3-305(a)(1) and (2) and The Hattaway Trust has not disputed these allegations. (Complaint 4.)

The Trustee has requested two additional forms of relief in her complaint which the court does not find supported by the allegations. First, the Trustee seeks the recovery of the 131.04 acres of purchased property which were obtained with proceeds of the Citizens Tri County Bank Loan. However, her complaint as drafted does not provide the legal or factual basis for the avoidance of the Trust's title in the purchased property. The Plaintiff has asked that she be allowed an opportunity to amend her complaint to seek a judgment against The Hattaway Trust under 11 U.S.C. § 550 and any other remedy granted by T.C.A. § 66-3-308(a) or (b) and/or for the imposition of a trust against the purchased property as proceeds of the fraudulent transfer.

Second, she seeks the recovery of funds from farming operations held by the Chapter 12 Trustee of Robert Hattaway. Since the default judgment is being granted against The Hattaway Trust and not Mr. Hattaway himself, the recovery of these funds cannot be granted pursuant to this Motion for Default.

### V.   Conclusion

Since The Hattaway Trust failed to respond to the complaint, the facts alleged are deemed admitted against it.  Therefore the transfers of real property and the equipment from Mr. Arledge are fraudulent under Tennessee Code Annotated §66-3-305(a)(1) and (2) and the Chapter 7 Trustee may avoid them.  However, the Trustee may not recover the purchased property or the funds held by the Chapter 12 Trustee on behalf of Mr. Hattaway at this time.

A separate order will enter.

# # #